TIMOTHY G. KENDALL *vs*. CALEB G. WEAVER.

No exception lies to the refusal of a judge of the superior court to recommit an auditor's report.

An auditor's report is *prima facie* evidence of the correctness of the accounts stated therein, but either party may impeach it by proof that a greater or less sum is due than it allows; and a witness called by a party who seeks to impeach it may be asked if he testified before the auditor.

Non-joinder of defendants is matter of abatement only.

The extent to which the re-examination of a witness may be carried, on matters not testified of in cross-examination, is within the discretion of the court; and to its decision no exception lies.

CONTRACT upon an account annexed.

Before the commencement of the trial in the superior court, the report of an auditor, who had been appointed to state the accounts between the parties, was filed. The defendant moved to recommit this report, because the auditor had declined to pass upon the validity of his discharge in insolvency; but *Vose*, J. declined to recommit it.

The plaintiff read the report, which was in his favor, to the jury, and then introduced evidence, under objection, tending to show that he was entitled to recover a greater sum than that allowed to him by the auditor.

The plaintiff then asked a witness, who testified for him at this trial, if he testified at the hearing before the auditor. This question was objected to, but admitted, and the witness replied that he did not.

The defendant offered testimony from one witness tending to prove that the plaintiff was not entitled to recover for several of the items sued for. The plaintiff asked this witness, on cross-examination, if, from any agreement or conversation between the parties, he knew what their contract was. The witness replied that he did not. The defendant then asked the witness if he had not heard the defendant rebuke the plaintiff for not doing certain work, and if the plaintiff had not in some way admitted that such work was a part of his duty. This question was objected to and excluded.

There was evidence tending to show that, during the time

covered by the plaintiff's bill of particulars, he had been employed in succession by two different firms to which the defendant belonged, and afterwards by the defendant alone; that during the whole time there had been no settlement of accounts; that the same books had been kept by the successive firms and the defendant, and that one and the same account with the plaintiff had been kept and continued upon the books; and that the plaintiff had received from the defendant, since the dissolution of those firms, a greater sum than his services would amount to during the same period. Upon this evidence the defendant contended that the plaintiff could not recover in this action for anything due to him from those firms. But the court instructed the jury, that if they were satisfied that, after the dissolution of those firms, the plaintiff continued to work for the defendant, upon an agreement that the defendant would pay him whatever balance might be then due to him, he might recover the same in this action.

The court also instructed the jury, that the auditor's report was *prima facie* evidence of the sum due; and, if the plaintiff claimed the right to recover a larger sum than that allowed by the auditor, the burden of proof was on him to satisfy them that he was entitled to it; and, if the defendant contended that the auditor had allowed too large a sum, the burden of proof was on him to satisfy them that a less sum, or that nothing at all, was due.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. P. Webster*, for the defendant.

*A. F. L. Norris*, for the plaintiff.

Chapman, J. The question whether an auditor's report shall be recommitted is addressed to the discretion of the presiding judge; and his ruling is not subject to exception. When an auditor's report is made, either party may use it at the trial, or the judge may require it to be read; and its findings are made *prima facie* evidence by statute, and they are nothing more. *Clark* v. *Fletcher, ante,* 53. The party reading it may, as well as his adversary, produce evidence in addition to it, and may

prove items not allowed by the auditor, or offer proof to contradict any part of it.   And as the report is evidence, it is quite proper, when a witness is called, to inquire of him whether he testified before the auditor.   The rulings of the judge were conformable to these principles, and must be sustained.   *Allen* v. *Hawks*, 11 Pick. 359.

It appeared that the defendant had been a member of several firms which had successively carried on business at the same place, and after the last of them was dissolved the defendant carried on the business alone.   The plaintiff's claim is a running account against these firms, and the defendant after them. If the defendant did not make himself liable by his agreement to pay these several claims as his sole debt, he might, as to that part of the case, have pleaded in abatement the nonjoinder of his co-partners.   But he could take advantage of the nonjoinder only in abatement.   1  Saunders, 154, *note* 1.   He has omitted to do this, and is therefore liable for the whole as if it were his sole debt.

The answer of the witness made the question which was put to him on cross-examination immaterial, and its admissibility need not be discussed.   Whether the defendant should be permitted to ask his witness the question proposed on re-examination, was a matter within the discretion of the court; and no exception can be taken to the decision of such a question.

*Exceptions overruled.*